UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAKIEA L. ROBINSON, <br><br>                          Plaintiff, <br><br>          -against- <br><br> SEDGWICK CLAIMS MANAGEMENT <br> SERVICES; INDEMNITY INS. OF N. <br> AMERICA, <br><br>                     Defendants. | 23-CV-10782 (LTS) <br><br> ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Connecticut, is appearing *pro se*. She brings this complaint against Sedgwick Claims Management Services Inc. and Indemnity Insurance Company of North America, asserting claims arising from her employment at the Coca Cola Company's factory in Elmsford, New York.[1]

By order dated December 12, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

---

[1] Plaintiff's former employer is referred to in public records as the Coca Cola Company and Coca Cola Refreshments USA, Inc. Neither entity is a defendant in this action.

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following factual allegations can be gleaned from Plaintiff's complaint and the documents attached thereto. Plaintiff began working for Coca Cola on August 1, 1995, and she continued to work there until April 1, 2017. (ECF 1 at 9.) Plaintiff worked on the "bottle line" at the production center in Elmsford, New York, in Westchester County. (*Id.* at 10.)

Due to "mental stress," allegedly as a result of harassment at work, Plaintiff sought medical care in the emergency room of Saint Vincent de Paul Hospital. (*Id.* at 11.) She also filed a claim with the New York State Workers Compensation Board (WCB). Plaintiff initially received from Sedgwick a notice of approval of her claim, but two days later, received a letter notifying her that her claim for workers' compensation benefits instead would be denied. (*Id.* at 5.) Coca Cola had "investigators follow [her]" and they saw her "with one man," who is now her husband. (*Id.*).

According to Plaintiff, Coca Cola had reported to the WCB that Plaintiff "was sexually promiscuous" and was spreading "HSV (Herpes)." (*Id.*) Plaintiff indicates that years earlier, she

had seen an employee on the "can line" with "some form of outbreak on her mouth," for which the employee suffered no apparent consequences. Plaintiff also seems to suggest that herpes "was going around the building" and that she may have contracted it from using the restroom in the building. (*Id.*)

A notice of decision from the WCB states that, at the hearing on July 19, 2017, Plaintiff "did not appear . . . or was otherwise not prepared." (*Id.* at 17.) The workers' compensation claim was denied on the ground that there had been no compensable accident, and because the stress that Plaintiff was suffering was deemed not causally related to work and did not meet the definition of an accident. (*Id.* at 19.)

Plaintiff sues Sedgwick Claims Management, which she alleges is a citizen of New York, and Indemnity Insurance of North America, which she indicates is incorporated in Delaware and has its principal place of business in New York. (*Id.* at 3.) It appears from the attachments to the complaint that the Coca Cola Company was the insured entity on an insurance policy with Indemnity Insurance of North America. Sedgewick Claims Management Services, Inc. appears to have been the claim administrator for Plaintiff's worker's compensation claim. (*Id.* at 18.) Plaintiff asserts claims for defamation, slander, "claim rejection," and "bad faith insurance wrongfully denied." (*Id.* at 5.)

Plaintiff asks that Defendants be directed "to send a correction to the New York Compensation Board," that she and her husband be "fully compensated," and that Defendants "pay for an emotional service animal of [her] choice – [a] puppy." (*Id.* at 6.)

In addition to this action, Plaintiff has brought separate actions arising out of her employment at the Coca Cola factory. She has pending suits under Title VII of the Civil Rights Act against her former employer, Coca Cola, *Robinson v. Coca Cola*, No. 1:23-CV- 10552, 1

(LTS) (S.D.N.Y.), and health insurance company Aetna, *Robinson v. Aetna*, No. 1:23-CV-1100, 1 (S.D.N.Y.) (complaint alleging, among other things, that in 2017, Robinson was denied leave under the Family and Medical Leave Act).

Plaintiff also sued health insurance company Magna Care, alleging that charges for her February 21, 2017, emergency room visit to Saint Vincent de Paul Hospital should have been handled by Sedgwick, not Magna Care. See *Robinson v. Magna Care*, No. 1:24-CV-00869, 1 (S.D.N.Y.).[2] The medical bill attached to that complaint indicates that Plaintiff did not owe any payment, and it is unclear why Plaintiff believes that Sedgwick should have handled the matter. Finally, Plaintiff also has a suit in which she alleges that individuals with links to Coca Cola defamed her. *Robinson v. Bagwell*, No. 1:24-CV-0621, 1 (S.D.N.Y.).

## DISCUSSION

### A.    Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court

---

[2] In her suit against Magna Care, Plaintiff attached to her complaint a bill reflecting that the charges for her emergency room visit on February 21, 2017, were $1482.13, that Magna Care paid most of the balance ($1333.92), and the remainder was taken care of by an adjustment. She asserts in that complaint that:

> The management team of Coca Cola told Sed[g]wick to deny claim and Magna Care to accept bill. This was a cover up so things I was really being exposed to mentally and physically would not be discovered. They was supposed to tell Coca Cola no and send it back to Sed[g]wick (Insurance Carrier).

*Robinson*, 24-CV-0869 (ECF 1 at 5).

*sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Plaintiff does not invoke the Court's federal question jurisdiction, and the facts alleged do not plainly point to any violation of federal law. The allegations of the complaint thus do not show that the Court has federal question jurisdiction of this action.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Generally, a corporation is deemed to be a citizen of the State in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).[3]

---

[3] For insurance companies, where "an injured party . . . [brings] a tort action directly against an insurer" in order to bypass litigating against "the alleged tortfeasor insured as a party-defendant," the citizenship of an insured is imputed to an insurer. *Rosa v. Allstate Ins. Co.*, 981

Plaintiff alleges that she is a citizen of Connecticut, and Defendants are citizens of New York and Delaware. (ECF 1 at 1-2.) Plaintiff therefore has alleged that the parties have diverse citizenship.

Plaintiff also bears the burden of alleging to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff seeks injunctive relief, unspecified damages, and a puppy for emotional support. Because Plaintiff does not allege that her claim satisfies the minimum jurisdictional amount, the Court lacks diversity jurisdiction of this matter.

Plaintiff's complaint does not plead facts showing that the Court has federal question or diversity jurisdiction of this action, and the Court must therefore dismiss the action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to showing that the amount-in-controversy requirement for the Court's diversity jurisdiction is satisfied, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.  If Plaintiff files an amended complaint, the Court directs her to include facts showing to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.

---

F.2d 669, 672 (2d Cir. 1992). "[U]nless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." *Id.* at 675. Here, Plaintiff appears to be suing the insurer and claims administrator for their own alleged wrongdoing, not for the alleged torts of the insured employer.

Plaintiff must also include allegations as follows:

1.    Plaintiff must name as the defendant(s) in the caption and in the statement of claim those individuals who were involved in the alleged deprivation of her federal rights.

2.    In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

      1.    the names and titles of all relevant people;

      2.    a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

      3.    a description of the injuries Plaintiff suffered; and

      4.    the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-10782 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Plaintiff may agree to accept service of documents by email, instead of regular mail, by completing the attached form, Consent to Electronic Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

  Dated:    April 15, 2024
            New York, New York

                                               /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


                        -against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
            (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name             Middle Initial       Last Name

_____

Street Address

_____

County, City                State          Zip Code

_____

Telephone Number          Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 2:

First Name                        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 3:

First Name                        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 4:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.