UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAKIEA L. ROBINSON,

                              Plaintiff,

                -against-

SEDGWICK CLAIMS MANAGEMENT
SERVICE, et al.,

                              Defendants.

23-CV-10782 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se,* asserting claims under the Genetic Information Nondiscrimination Act ("GINA"), the Employee Retirement Income Security Act ("ERISA"), the Family and Medical Leave Act ("FMLA"), the "No Surprises Act" of 2022, Title VII of the Civil Rights Act, the Fourteenth Amendment to the U.S. Constitution, and claims for violations of Plaintiff's "women's rights."[1] She also sought judicial review of the denial of state worker's compensation benefits.

On May 28, 2024, the Court dismissed Plaintiff's Title VII claims against her former employer, Coca-Cola, without prejudice to Plaintiff's pursuing her employment discrimination claims in her pending suit under docket number 23-CV-10552, and dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the remaining federal claims, which were brought against individual Coca Cola employees, an insurance company, and a claims management company; the Court

---

[1] Plaintiff has filed numerous overlapping suits arising out of her employment at a Coca Cola factory. *See, e.g., Robinson v. Kelly*, No. 24-CV-0625 (LTS) (S.D.N.Y. Jan. 29, 2024); *Robinson v. Bagwell*, No. 24-CV-621 (LTS) (S.D.N.Y. Sept. 16, 2024); *Robinson v. Coca-Cola*, No. 23-CV-10552 (S.D.N.Y. Nov. 15, 2024); *Robinson v. Aetna,* No. 23-CV-11100 (LTS) (S.D.N.Y. Aug. 16, 2024); *Robinson v. Magna Care*, No. 24-CV-0869 (LTS) (S.D.N.Y. May 29, 2024).

declined, under 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction of Plaintiff's state law claims.

After this case was closed, on June 6, 2024, Plaintiff submitted a motion for permission to submit audio records and motion to reconsider or reopen her case. (ECF Nos. 11-12.) The Court liberally construes the motion to reconsider as a motion to alter or amend judgment, under Rule 59(e) of the Federal Rules of Civil Procedure. After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

A party who moves to alter or amend a judgment under Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff makes the following argument in her Rule 59(e) motion:

I would like the court to reconsider reopening my case because my workplace stress actually started shortly after I was hired when I was told that I did not fit into the corporate world and then sent to 115 Fairview Park Dr. My workplace stress extremely intensified in 1997 for a crime that I did not do.

I experience workplace stress for over twenty years and me contracting Herpes was breaking point with the company. I did not have Herpes prior to them accusing me. I contracted it years later in the building & was subjected to face inspections, targeting, etc. prior to contra[c]tion. I do have a voice audio recording

of me speaking to a manager prior to the forced quit that was being done
intentionally. . . .
They company never paid me for my physical or mental stress, etc. behind what I
was subjected to for twenty years. I have a voice recording that I would like to
submit.

(ECT 12 at 3.)[2]

Plaintiff's motion does not demonstrate that the Court overlooked any controlling
decisions or factual matters in dismissing this action. The Court dismissed this action without
prejudice to Plaintiff's pursuing her claims in her then-pending suit against Coca Cola, *Robinson*,
23-CV-10552 (LTS). In that complaint, Plaintiff alleged that she worked at Coca Cola from
August 1, 1995 to April 1, 2017, during which time she (1) was subjected to disparate treatment
because of her race, color, sex, age, and disability, (2) was retaliated against because of
complaints about discrimination and other unlawful conduct, and (3) was coerced to "force
quit."[3] Plaintiff's Rule 59(e) motion describes events that she had already raised in her earlier
filed suit under docket number 23-CV-10552. These arguments do not provide any basis for
reconsidering the dismissal without prejudice of her claims against Coca Cola in this action, so
that she could pursue them in the earlier filed action. Plaintiff also does not show any reason for
reconsidering the Court's order dismissing her claims under the U.S. Constitution, the GINA,
ERISA, the No Surprises Act, or the FMLA, or for declining supplemental jurisdiction of her
state law claims. The Court therefore denies Plaintiff's motion under Rule 59(e).

Because this action is closed, there is no basis for submission of additional evidence. The
Court therefore denies Plaintiff's motion for permission to submit an audio recording.

---

[2] The Court quotes from the complaint verbatim. All spelling, punctuation and grammar
are as in the original unless noted otherwise.

[3] Plaintiff attached to that complaint a November 17, 2023 Notice of Right to Sue from
the United States Equal Employment Opportunity Commission and 35 separate discrimination
charges she filed with the New York State Division of Human Rights.

**CONCLUSION**

Plaintiff's motion (ECF 12) is denied. The Court also denies Plaintiff's motion requesting submission of evidence in this closed case. (ECF 11.) The Clerk of Court is directed to terminate these pending motions (ECF 11-12).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    December 9, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge